UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT BRUMBACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00288-JPH-DLP |
| | ) | |
| HENRY COUNTY SHERIFF'S DEPARTMENT, | ) | |
| HENRY COUNTY SHERIFF, | ) | |
| RICHARD A. MCCORKLE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

**I. Background and Legal Standard**

Plaintiff, Robert Brumback, is an Indiana Department of Correction (IDOC) inmate currently incarcerated at Putnamville Correctional Facility. Mr. Brumback brings this action pursuant to 42 U.S.C. § 1983 based upon events that occurred while he was at the Henry County Jail. Dkt. 1. Because Mr. Brumback is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

1

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Brumback alleges that he was at Henry County Jail on a transport order for a court hearing. Dkt. 1 at 2. After the hearing, he was taken from the court back to Henry County Jail to await further transport back to Madison County Jail. *Id.* at 3. While in Henry County Jail, he was put in a small holding cell with approximately 12 other inmates. *Id.* While he was waiting here, another inmate hit Mr. Brumback in the mouth and knocked out his teeth. *Id.* After the incident, Mr. Brumback went to the cell door and yelled for help, but no one assisted him. *Id.* He did not receive any medical treatment at Henry County Jail. He only received warm salt water at Madison County Jail and did not get dental care until he arrived at IDOC. *Id.* Mr. Brumback had to have all of his upper teeth pulled as a result of the assault at the Henry County Jail. *Id.*

Mr. Brumback names the Henry County Sheriff's Department, the Henry County Sheriff, and Richard McCorkle as defendants. *Id.* at 1. He seeks monetary damages. *Id.* at 4.

## III. Discussion

Mr. Brumback does not identify his status at the Henry County Jail. *Id.* at 2. For now, the Court presumes that he was a pretrial detainee, and therefore, his claims are understood to be brought under the Fourteenth Amendment rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Because Mr. Brumback has not named a suable defendant, the complaint **is dismissed for failure to state a claim upon which relief can be granted**.

Mr. Brumback's claim against Richard McCorkle is dismissed because Mr. Brumback has not made any allegations against Sheriff McCorkle.[1] "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Brumback has failed to allege that Sheriff McCorkle personally participated in the alleged violation of his constitutional rights. Thus, his claims against Richard McCorkle and the Henry County Sheriff are **dismissed for failure to state a claim upon which relief may be granted**.

Additionally, any claim against the Henry County Sheriff's Department is also subject to dismissal. The Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), to claim against Sheriff Department). To state a claim, Mr. Brumback must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* Mr. Brumback fails to provide any factual basis upon which to conclude that the Sheriff's Department took any action that caused his injury. Any claim against the Henry County Sheriff's Department is **dismissed for failure to state a claim upon which relief may be granted**.

Because Mr. Brumback has failed to allege a viable claim, his complaint is dismissed.

### IV. Opportunity to Amend

The dismissal of the complaint will not lead to the dismissal of the action at present.

---

[1] Richard McCorkle is the Henry County Sheriff. *See* www.henryco.org/index.html (last visited Aug. 24, 2021).

3

Instead, Mr. Brumback shall **have through October 7, 2021**, to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury the plaintiff claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, No. 2:21-cv-00288-JPH-DLP, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 9/21/2021

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

ROBERT BRUMBACK
874533
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only