UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT BRUMBACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00288-JPH-DLP |
| ) | |
| HENRY COUNTY SHERIFF'S DEPARTMENT, ) | |
| HENRY COUNTY SHERIFF, ) | |
| RICHARD A. MCCORKLE, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Robert Brumback's motion for appointment of counsel, dkt. [9], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020); *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."). For the reasons explained below, the plaintiff's motion to appoint counsel, dkt. [9], is **denied**.

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Thomas*, 951 F.3d at 859 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

1

Mr. Brumback has made attempts to recruit counsel on his own. However, this Court will not recruit counsel to represent him at this time. For the reasons explained in the Screening Entry of September 21, 2021, the plaintiff's claims cannot proceed. *See* dkt. 12. Mr. Brumback has not named a suable defendant in his complaint, and thus has failed to state a claim upon which relief could be granted. Further, Mr. Brumback is competent to litigate this civil action himself. In particular, he has attained his GED and does not indicate that he has difficulty reading or writing English. Dkt. 9. Though Mr. Brumback states that he has physical challenges of heart problems, high blood pressure, and injury to his right shoulder and arm, his filings in this action thus far have been timely and coherent. Further, Mr. Brumback's allegations relate to an injury to his mouth and teeth, and he is personally familiar with what happened to him, so as to be able to file an amended complaint to cure the deficiencies outlined by the Court in its Screening Entry.

At this time, Mr. Brumback has not stated a viable claim, and thus no defendant has responded to Mr. Brumback's claims. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). While that statement from *Kadamovas* is not a "bright-line rule[ ]," in this case Mr. Brumback has not shown a need for counsel to assist him in amending his complaint, or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019).

Accordingly, Mr. Brumback's motion to appoint counsel, dkt. [9], is **denied without prejudice.** The Court notes that Mr. Brumback resubmitted his motion to appoint counsel, along with an e-consent form, at docket 11. This filing, dkt. [11], to the extent that it seeks appointment of counsel, is also **denied without prejudice**.

**SO ORDERED.**

Date: 9/23/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT BRUMBACK
874533
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only